IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOYD C. STONE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 6:14-CV-01007-CL

ORDER

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Boyd C. Stone ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. The Commissioner concedes error and moves this Court to reverse its decision and remand for further proceedings. Plaintiff seeks a remand for immediate payment of benefits. Because no purpose would be served by further proceedings, the decision is remanded for an immediate award of benefits.

## BACKGROUND

Plaintiff was born in 1953. Tr. 108. He is a high school graduate who attended community college for two years. Tr. 58. Plaintiff has prior work experience as a truck driver and security guard. Tr. 83-84. While employed as a commercial truck driver, Plaintiff had a mishap with a jack that injured his left shoulder. Tr. 323-24.

Plaintiff filed for benefits on April 24, 2012. Tr. 11. He alleged disability since October 12, 2009 due to his left shoulder injury, high blood pressure, diabetes, and high cholesterol. Tr. 11, 96. The Commissioner denied Plaintiff's application initially and upon reconsideration. Tr. 11. At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on October 28, 2013. Tr. 11. Plaintiff appeared and testified. Tr. 11. He was represented by counsel. Tr. 11. On November 22, 2013, the ALJ issued a decision finding Plaintiff not disabled. Tr. 18. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's denial the Commissioner's final decision. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

    1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving

        significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

Page 3 – ORDER

The claimant bears the burden of proof at steps one through four. *Id.* at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 12, 2009. Tr. 13. At step two, the ALJ found Plaintiff has the following severe impairments: "left biceps tendon tear and rotator cuff tear of the left shoulder." Tr. 13. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled any listed impairments. Tr. 14. Next, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). She determined Plaintiff could perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). Tr. 14. The ALJ specified that Plaintiff "is able to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently with the right upper extremity" but "is limited to lifting five pounds with the left upper extremity." Tr. 14-15. Plaintiff can stand and/or walk for a total of about six hours and sit for about six hours in an eight-hour workday with normal breaks. Tr. 15. He can frequently climb ramps and stairs but can never climb

ladders, ropes, or scaffolds. Tr. 15. Plaintiff "should not engage in any overhead reaching and no more than occasional reaching in other directions with his non-dominant left upper extremity." Tr. 15. Moreover, he should "avoid concentrated exposure to operational control of moving machinery, hazardous machinery, and unprotected heights." Tr. 15. At step four, the ALJ found Plaintiff was capable of performing his past relevant work as a security guard. Tr. 17. Therefore, she concluded Plaintiff was not disabled, as defined by the Social Security Act, from his alleged onset date through the date of the decision. Tr. 18.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

The Commissioner concedes that the ALJ erred in her evaluation of a treating surgeon's opinion and that remand is appropriate. The only issue before this Court is what kind of remand is appropriate. Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Treichler v. Comm'r*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100-01. The Court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a

determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000). Even if the requirements are met, the Court retains flexibility in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). The reviewing court may decline to credit testimony when "outstanding issues" remain or where "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Id.*; *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

There is no dispute that the ALJ erred by failing to address a treating orthopedic surgeon's opinion that Plaintiff is limited to "very sedentary work." Tr. 301-02. When the erroneously discounted medical opinion is credited and incorporated into Plaintiff's RFC, the Court finds no outstanding issues that must be resolved before a disability determination can be made. The Vocational Expert ("VE") testified that none of Plaintiffs' prior positions were sedentary. Tr. 83-84. Thus, a limitation to sedentary work precludes Plaintiff from performing his past relevant work and necessitates step five analysis. At step five, Plaintiff contends he should be found disabled under Medical–Vocational Rule 201.06 (20 CFR § 404, Subpt. P, App. 2, Table 1). The Rule directs a finding of "disabled" for individuals who: (1) are of "advanced" age; (2) have a high school education or more, but do not have skills that provide for direct entry into skilled work; and (3) who previously performed skilled or semiskilled work but whose skills are not transferrable. The Commissioner does not dispute that, at all relevant times, Plaintiff has been of "advanced age" for Social Security purposes. 20 CFR § 404.1563(e). As the VE's testimony reveals, none of the skills Plaintiff acquired in his past work are directly transferrable

Page 7 – ORDER

to sedentary work. Tr. 84. Accordingly, Medical–Vocational Rule 201.06 directs a finding that Plaintiff is disabled.

The Commissioner asks the Court to use its discretion to remand for further proceedings. It asserts that an ALJ must resolve inconsistencies between the treating surgeon's opinions and those of reviewing medical consultants. Specifically, while the treating provider concluded Plaintiff was incapable of "lifting away from his body or above waist height," non-examining providers opined Plaintiff could reach overhead minimally and laterally occasionally. Tr. 104-05, 131. Further proceedings are not necessary to address these contradictory conclusions. "The opinion of a non-examining medical advisor cannot <u>by itself</u> constitute substantial evidence that justifies the rejection of the opinion of a treating physician." *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999) (emphasis added). Without more, the treating surgeon's opinion is due controlling weight. This is because she had a greater opportunity to know and observe Plaintiff than those who merely reviewed his medical records. *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir. 1993).

The Commissioner also argues further proceedings are necessary because "the record as a whole creates serious doubt that [Plaintiff] is, in fact, disabled." *Garrison*, 759 F.3d at 1021. In support of this statement, the Commissioner cites to evidence that Plaintiff (1) engaged in a wide range of daily activities and (2) expressed a desire to work in a "TSA type job[]" in Alaska or build a Christian retreat in Eastern Oregon. Tr. 259-60, 332. However, Plaintiff's daily activities are not obviously inconsistent with his alleged limitations. Nor are his aspirations indicative of

/ / /

/ / /

Page 8 – ORDER

actual ability. This evidence does not cast serious doubt on Plaintiff's entitlement to benefits. Therefore, no purpose would be served by further consideration of it.

## ORDER

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED pursuant to 42 U.S.C. § 405(g) for an immediate award of benefits.

DATED this 26 day of August 2015.

MARK D. CLARKE
United States Magistrate Judge

Page 9 – ORDER