IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOYD C. STONE,

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

Defendant.

Civ. No. 6:14-cv-01007-CL

**ORDER**

CLARKE, Magistrate Judge.

This matter comes before the Court on the stipulation of the parties (#40) that Plaintiff Boyd C. Stone ("Plaintiff") be awarded $5,151.65 in attorney's fees under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

## BACKGROUND

On June 23, 2014, Plaintiff filed a Complaint (#1) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security disability benefits. On August 26, 2015, this Court remanded

Page 1 – ORDER

(#37) Plaintiff's case for an immediate payment of benefits. On November 24, 2015, Plaintiff's attorney filed a stipulated application (#40) for EAJA fees.

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. By stipulating to the attorney's fees award, the Commissioner concedes its position in denying Plaintiff's application was not "substantially justified" and that no special circumstances render the requested award unjust. Having reviewed the stipulated motion, the Court finds Plaintiff's petition is proper and the amount requested is reasonable with one exception. Plaintiff's counsel logged 0.40 hours discussing eviction with Plaintiff over the phone. It is unclear to the Court how eviction relates to Plaintiff's social security appeal. Accordingly, Plaintiff's application (#18) for EAJA fees is GRANTED with a downward adjustment of $76.02 ($190.06 x 0.40). Plaintiff is awarded $5,057.65 in attorney's fees pursuant to 28 U.S.C. § 2412.

The amount of this award shall be paid to Plaintiff's attorney upon verification that Plaintiff validly assigned these EAJA fees to her attorney and that Plaintiff has no debt, which qualifies for offset against the award, pursuant to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If Plaintiff has no such debt and there is a valid assignment, then a check shall be made out to Plaintiff's attorney, and mailed to Plaintiff's attorney. If Plaintiff has a debt, and/or if there is no valid assignment, then a check for the remaining funds, after any offset of the debt, shall be made to Plaintiff and mailed to Plaintiff's attorney. Plaintiff's attorney's mailing address is as follows:

>1700 Valley River Drive
>Eugene, OR 97401

It is so ORDERED and DATED this 25 day of November 2015.

_____
MARK D. CLARKE
United States Magistrate Judge