IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BOYD C. STONE**,                                                                Civ. No. 6:14-cv-01007-CL

Plaintiff,

**ORDER**

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**,

Defendant.

_____

CLARKE, Magistrate Judge.

Currently before the Court is Plaintiff Boyd Stone's motion (#42) for $38,195.48 in attorney's fees pursuant to 42 U.S.C. § 406(b). This amount represents 25 percent of Stone's retroactive benefits, which total $152,781.92. Although Stone is the claimant in this case, his attorneys, Kathryn Tassinari and Drew Johnson, are the real parties in interest to this motion. The Commissioner of the Social Security Administration has "no direct financial stake" in this motion and offers no opposition. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Having reviewed the past proceedings and pending petition, the Court concludes Tassinari and Johnson are entitled to $27,500.75 in section 406(b) fees, less the $5,057.65 already received pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## PROCEDURAL BACKGROUND

On June 23, 2014, Stone filed a Complaint (#1) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security disability benefits. On August 26, 2015, this Court remanded (#37) Stone's case for an immediate payment of benefits. On November 25, 2015, the Court granted (#41) Stone's stipulated application (#40) for EAJA fees in the amount of $5,057.65. On January 28, 2016, Tassinari and Johnson filed their present motion (#42) for fees pursuant to 42 U.S.C. § 406(b). The Commissioner does not oppose counsels' request.

## LEGAL STANDARD

Upon entering judgment in favor of a Social Security claimant who was represented by an attorney, a Court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) expressly requires any attorney's fee awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.*

In *Gisbrecht*, 535 U.S. at 807, the Supreme Court clarified that section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Courts must approve section 406(b) fee determinations by, first, determining whether a fee agreement has been executed and, then, testing it for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. Even "[w]ithin

the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

## DISCUSSION

### I.      Contingency Fee Agreement

Under *Gisbrecht*, 535 U.S. at 807-08, the Court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25 percent cap. Here, Stone and Johnson executed an agreement (#42-2) providing that Johnson shall "charge and receive as a fee for his work at the federal court level an amount equal to twenty-five percent (25%) of the past-due benefits" awarded to Plaintiff. The Commissioner sent notice (#42-1, at 2) to Stone that it had set aside the portion of past due benefits that his lawyer may lawfully claim. Plaintiff's counsel now seeks that exact amount: $38,195.48. Therefore, both the agreement and fee demand comply with the maximum fee allowed by statute.

### II.      Reasonableness

Next, the Court must determine whether application of the fee agreement yields "reasonable results" under the circumstances. *Gisbrecht*, 535 U.S. at 807. In making this determination, the Court must recognize the "primacy of lawful attorney-client fee agreements." *Id.* at 793; *Crawford*, 586 F.3d at 1151 (the Supreme Court has provided a "clear directive" that a district court should begin its analysis with examining the attorney-client fee agreement). However, although a contingency agreement should be given significant weight in fixing a fee, the Court can depart from it if it produces unreasonable results. *Gisbrecht*, 535 U.S. at 808. "[D]espite the primacy afforded to the fee contract created between counsel and client[,] . . . courts are empowered to exercise discretion to ensure that the claimant is protected from having to surrender retroactive disability benefits in a disproportionate payment to counsel." *Mansfield*

*v. Astrue*, No. 07-cv-1427-HA, 2011 WL 2214739, at *3 (D. Or. June 6, 2011), *aff'd sub nom. Mansfield v. Comm'r of Soc. Sec. Admin.*, 509 F.App'x 643 (9th Cir. 2013). "Routine approval of the statutory maximum allowable fee should be avoided in all cases." *Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 250 (6th Cir. 1983) (noting that a reasonable fee will often "be much less than the statutory maximum"); *Dunnigan v. Comm'r*, No. Cv. 07–1645–AC, 2009 WL 6067058, *6 (D. Or. December 23, 2009) ("[A] twenty-five percent contingent-fee award is not automatic or even presumed."). The burden rests with Plaintiff's counsel to establish the requested fee's reasonableness. *Gisbrecht*, 535 U.S. at 807.

In *Crawford*, 586 F.3d at 1151-53, the Ninth Circuit issued an *en banc* decision articulating four factors derived from the *Gisbrecht* analysis that district courts should use in determining whether a reduction from the contingent-fee agreement is appropriate: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. The Court considers each factor in turn.

A.    Character of the Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. In *Gisbrecht*, 535 U.S. at 808, the Supreme Court cited *Lewis* as an example of inferior representation requiring a reduction in recovery. There, counsel missed briefing deadlines, submitted court filings with "no case citation or any other manifestation of legal research," and overbilled for the time it took to prepare those meager filings. *Lewis*, 707 F.2d at 249. In this case, there is no evidence that

Plaintiff's counselors engaged in any such misconduct. Thus, no reduction in fees is warranted under this factor. *See Crawford*, 586 F.3d at 1151.

### B.    Results Achieved

In response to Plaintiff's opening brief, the Commissioner conceded error and moved to remand for further proceedings. This narrowed the focus of Plaintiff's reply brief to the question of whether further administrative proceedings were necessary. Plaintiff asserted that they were not. The Court agreed and remanded for an immediate award of benefits. This was an excellent result for Plaintiff.

### C.    Delay

The Court may reduce a § 406(b) award for delays in proceedings attributable to the claimant's counsel. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. In *Gisbrecht*, the Supreme Court reasoned that a reduction is appropriate if the requesting attorney inappropriately caused delay in the proceedings to ensure the attorney "will not profit from the accumulation of benefits" while the case is pending. *Gisbrecht*, 535 U.S. at 808 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). This is not a case where, due to excessive delay attributable to Plaintiff's attorneys, Plaintiff's back benefits accumulated during its pendency. The Court granted the attorney's two unopposed motions (#13, #16) for extension of time to file their opening brief and one unopposed motion (#32) for extension of time to file their reply brief. In total, these motions extended the briefing timeline by two months and one week. No evidence in the record suggests that these extensions were intended, even in part, to unfairly delay the case. Accordingly, reduction of the fee request is not warranted under this factor.

/ / /

/ / /

D.    Proportion

The Court may reduce counsel's § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). In *Gisbrecht*, 535 U.S. at 808, the Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."

Plaintiff's attorneys submitted time records indicating that they expended 30.85 hours in their effort to win Plaintiff $152,781.92 in retroactive benefits. Pl.'s Mot., at 2-3. This amount of time falls squarely within the twenty- to forty-hour time range that Chief Judge Mosman found "reasonable [ ] to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F.Supp.2d 1214, 1215 (D. Or. 2007). Therefore, the Court concludes that Tassinari and Johnson expended a reasonable amount of time on this case and, what's more, that the case was not particularly complex or challenging. A minor reduction, however, is in order. Counselors' time log includes 0.40 hours spent discussing eviction with Plaintiff over the phone. The Court reduced this time from Plaintiff's EAJA fee request because it was unclear how eviction related to Plaintiff's social security appeal. Tassinari and Johnson offer no explanation for its continued inclusion in their log. As such, the Court will similarly reduce their current time reporting to 30.45 hours.

Counsels' fee request, if granted, would result in an effective hourly rate of $1,254.37. This is at the high end of requests upheld by this district. Plaintiff's attorneys cite three cases to demonstrate that their requested rate is in line with District of Oregon precedent. First, in *Thommen v. Colvin*, District Judge Simon approved an effective hourly rate of approximately $900. No. 3:12-CV-01625-SI, 2014 WL 3478727, at *2 (D. Or. July 11, 2014). Judge Simon's

order did not discuss the complexity of the case. There is no indication that the Commissioner simplified the issues in dispute in *Thommen* by agreeing to a remand like it did here. Second, in *Ali v. Comm'r, Soc. Sec. Admin.*, this Court approved an effective hourly rate of $1,000. No. 3:10-CV-01232-CL, 2013 WL 3819867, at *3 (D. Or. July 21, 2013). Again, *Ali* is distinguishable because the Commissioner disputed more than the proper type of remand. Moreover, the claimant's attorney independently attempted to attain the requisite proportionality by reducing his request under the contingency fee agreement from 25 percent to 14 percent. *Id.* The third proffered case, *Quinnin v. Colvin*, is the most similar to the request at hand. There, "the only disputed issue before [the] Court was whether to remand for further proceedings or remand for an award of benefits." *Quinnin v. Colvin*, No. 1:12-CV-01133-SI, 2013 WL 5786988, at *3 (D. Or. Oct. 28, 2013). Given the "largely uncontested" nature of the case, Judge Simon reduced the attorney's fee request to 15 percent of back benefits. *Id.* at *4. Because counsel billed the claimant for 13.2 hours of paralegal time and just 1.5 hours of attorney time, this reduction resulted in a de factor hourly attorney rate of $1,240. *Id.*

Plaintiff's counsels' opening brief successfully compelled the Commissioner to agree to a remand. Their reply brief convinced the Court to remand for immediate payment of benefits. They represented their client well. However, as in *Quinnin*, their work on this largely non-adversarial case is not proportionate to their application for the maximum permissible percentage of Stone's significant back benefits. *See Mansfield*, 2011 WL 2214739, at *4-5 (award of 25 percent of plaintiff's $123,095.80 in retroactive benefits for 62.95 hours of work is a disproportionate windfall); *Stokes v. Astrue*, No. CIV.08-1209-PK, 2010 WL 2507532 (D. Or. June 14, 2010), *rev'd on other grounds and remanded sub nom. Stokes v. Comm'r of Soc. Sec. Admin.*, 432 F.App'x 672 (9th Cir. 2011) (22 percent of $67,032 in back benefits is not

proportionate recovery where attorney spent 32.5 hours litigating a case that was largely uncontested); *Dunnigan*, 2009 WL 6067058, at *14 ("work performed consistent with an average case supports reduction from the twenty-five percent maximum").

An imbalanced award, like the one requested by Plaintiff's counselors, may be justified for a case that is particularly complex or risky. When applying this logic, the Ninth Circuit instructs district courts to "look at the complexity and risk involved in the specific case," not risks generally associated with social security litigation. *Crawford*, 586 F.3d at 1153 (emphasis added). Stone's attorneys largely overlook this instruction. They argue that their request is reasonable given the "substantial risk of non-payment" and "significant delay" inherent in social security appeals. Pl.'s Mot., at 5. The Court agrees that non-payment and delay are real risks in cases like this one. However, these generalized issues do not quell the Court's concerns regarding the proportionality of this specific case. Plaintiff's attorneys note that "[t]aking this case was a particular risk to Plaintiff's counsel because of potential inconsistencies in the record." Pl.'s Mot., at 5. However, they do not identify these inconsistencies or explain how they enhanced their exposure. As such, the Court has no basis to conclude this case was unique or complex. *Dunnigan*, 2009 WL 6067058, at *14. Given the largely non-adversarial nature of this case, the lack of evidence of particularized risks, and the significant retroactive benefits recovered, the 25 percent statutory maximum requested by Plaintiff's counsel would be a disproportionate windfall to counsel and a disproportionate loss of benefits for the disabled client. *See Mansfield*, 2011 WL 2214739, at *5. Reduction from the twenty-five percent maximum is warranted under this factor.

/ / /

/ / /

## III.     Fee Calculation

To determine the appropriate reduction, the Court looks to analogous cases. As noted above, *Quinnin* was a similarly uncomplicated case. The only contested issue was whether to remand for further proceedings or immediate payment. Given the cases' simplicity, Judge Simon reduced counsel's fee request to 15 percent of back benefits amount. In *Oerding v. Comm'r*, an attorney requested a 25 percent award for securing a stipulated remand after filing an opening brief. No. CV-08-633-PK, 2010 WL 4116604, at \*4 (D. Or. Sept. 3, 2010). District Judge Haggerty concluded counsel's request would constitute a disproportionate windfall and reduced the award to 13 percent of the claimant's retroactive benefits. *Oerding v. Astrue*, No. CIV. 08-633-PK, 2010 WL 4116570, at \*4 (D. Or. Oct. 18, 2010). Judge Haggerty based his reduction on "the generally non-adversarial posture of the Commissioner after plaintiff's Opening Brief was filed," "the lack of any further federal litigation after the parties' stipulated remand[,]" the fact that the case "was significantly less risky" than the average social security claim, and counsel's "failure to provide any information as to his 'pre-litigation assessment of the risk presented' by plaintiff's claim[.]" *Id.* at \*4. The Ninth Circuit affirmed in *Oerding v. Comm'r of Soc. Sec. Admin.*, 467 F.App'x 643 (9th Cir. 2012). Following the reasoning set forth in *Quinnin* and *Oerding*, the Court concludes that a reasonable fee award is $27,500.75, 18 percent of Stone's retroactive benefits. This is an effective hourly rate of $903.14.

## IV.     Conclusion

Plaintiff's counsels' motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is GRANTED IN PART. Plaintiff's counsel is entitled to $27,500.75 in § 406(b) fees. After subtracting the $5,057.65 EAJA fee award previously granted to Plaintiff's attorneys, the final fee award is $22,443.09. The Commissioner shall pay fees in that amount to Plaintiff's lawyers

out of the sum withheld by the Commissioner from Plaintiff's benefits and shall pay the remainder to Plaintiff.

It is SO ORDERED and DATED this _____ day of March 2016.

_____
MARK D. CLARKE
United States Magistrate Judge